UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2009 MAY 26 PM 1:35

JAMES R. PACELLI,,
    Plaintiff,

Case No. : 6:09-CV-878-22-GJK

vs.

MERCANTILE ADJUSTMENT BUREAU, L.L.C.,
    a New York limited liability corporation,

and

DOES I - III,
    Defendant(s)    /
_____/

## COMPLAINT
### (Jury Trial Demanded)

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer, JAMES R. PACELLI (hereinafter referred to as "JAMES PACELLI" or "Plaintiff"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant MERCANTILE ADJUSTMENT BUREAU, L.L.C.'s (hereinafter referred to as "MERCANTILE ADJUSTMENT BUREAU") violations of the FDCPA arise from Defendant's sending Plaintiff a dunning letter demanding that Plaintiff pay an account which Plaintiff had discharged in bankruptcy almost five years previously (hereinafter the "Account"). JAMES PACELLI seeks an award of statutory damages in the amount of $1,000.00 and reasonable attorney's fees and costs.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Orange County, Florida, Plaintiff resides in this District, and the Defendant transacts business here.

## III. PARTIES

5. Plaintiff, JAMES R. PACELLI (hereinafter, referred to as "JAMES PACELLI" or "Plaintiff"), is a natural person residing in Orange County, Florida, at all times material hereto.

6. Defendant, MERCANTILE ADJUSTMENT BUREAU, L.L.C., (hereinafter, referred to as "MERCANTILE ADJUSTMENT BUREAU" or "Defendant") is a New York whose principal place of business is 6390 Main Street, Suite 160 in Williamsville, NY 14221.

7. At all material times herein, the Defendant MERCANTILE ADJUSTMENT BUREAU engaged in its usual and customary business within Florida and Orange County, Florida.

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant MERCANTILE ADJUSTMENT BUREAU but is not presently

known to Plaintiff. These defendants are hereinafter referred to as Defendants DOE I, DOE II, and DOE III. (Defendants MERCANTILE ADJUSTMENT BUREAU and DOES I - III are hereinafter collectively referred to as the "Defendants").

9. All acts of the individual defendants described below were with the authority and knowledge of OSI COLLECTION and were within the scope of the employment and agency of the individual defendants.

10. Defendants MERCANTILE ADJUSTMENT BUREAU and DOES I - III are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

11. Defendant MERCANTILE ADJUSTMENT BUREAU uses the instrumentalities of interstate commerce or the mail in its business.

12. Defendant MERCANTILE ADJUSTMENT BUREAU uses telephone communications in its business.

13. Defendant MERCANTILE ADJUSTMENT BUREAU uses the mail in its business.

14. The principal purpose of Defendant MERCANTILE ADJUSTMENT BUREAU's business is the collection of debts.

15. Defendant MERCANTILE ADJUSTMENT BUREAU regularly collects or attempts to collect debts asserted to be owed or due to another.

16. Defendant MERCANTILE ADJUSTMENT BUREAU is a debt collector subject to the provisions of the Federal Fair Debt Collections Practices Act.

17. All acts of the individual defendants described below were with the authority and

knowledge of MERCANTILE ADJUSTMENT BUREAU and were within the scope of the employment and agency of the individual defendants.

18. At all times material hereto, JAMES PACELLI was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

19. At all times material hereto, Mitsubishi Motors of America was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

20. At all times material hereto, the Account between Mitsubishi Motors of America and JAMES PACELLI was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## IV. FACTS

21. On Jun 19, 2003, JAMES PACELLI filed a voluntary Chapter 7 bankruptcy petition in the Orlando Division of the United States Bankruptcy Court. (Case No. 6:03-bk-07060-KSJ).

22. Plaintiff listed the Account in his schedules. On August 4, 2003, the law firm of Brice, Vander Linden & Wernick, P.C. filed a Request For Service of Notice on behalf of Mitsubishi Motors Credit of America and was added to the mailing matrix concerning Plaintiff's bankruptcy case.

23 On October 16, 2003, the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order"). (A *redacted* copy of the Discharge Order along with the Certificate of Mailing by the Bankruptcy Noticing Center is attached as Exhibit "A".)

24. No person, including but not limited to Mitsubishi Motors Credit of America of America, filed an adversary action seeking to determine dischargeability of the Account.

Mitsubishi did not file a reaffirmation agreement with the bankruptcy court. The Account was discharged in Plaintiff's bankruptcy.

25.     "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the Fair Debt Collections Practices Act ("FDCPA"). See, e.g., ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398) ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") Bankruptcy case information is available via the internet through Public Access to Court Electronic Records ("PACER") (http://pacer.psc.uscourts.gov/) and through "scrub" services. See, http://www.phinsolutions.com; http://www.banko.com; and http://www.fairisaac.com ("UniScore"). Based upon information and belief, MERCANTILE ADJUSTMENT BUREAU failed to scrub or adequately scrub the Account.

26.     On or about June 10, 2008, Defendant MERCANTILE ADJUSTMENT BUREAU mailed JAMES PACELLI a form debt collection letter which demanded payment of the Account that he had previously owed to Mitsubishi Motor Credit. (A *redacted* copy of the letter dated June 10, 2008, from MERCANTILE ADJUSTMENT BUREAU to Plaintiff is attached as Exhibit "B".)

27.     Soon thereafter, JAMES PACELLI called MERCANTILE ADJUSTMENT BUREAU and explained that he discharged the Account in his bankruptcy during 2003. (The collector who JAMES PACELLI spoke with used the collection alias "J Houseman") The collector known as "J. Houseman" requested that JAMES PACELLI send a letter to MERCANTILE ADJUSTMENT BUREAU (attn. J. Houseman) attaching documents proving

5

that the Account was discharged. On June 18, 2008, and again on July 3, 2008, JAMES PACELLI sent MERCANTILE ADJUSTMENT BUREAU information and documents concerning his bankruptcy.

28. Defendant MERCANTILE ADJUSTMENT BUREAU thereby violated 15 U.S.C. §§ 1692e and 1692e(2)(A) by demanding that JAMES PACELLI pay the discharged Account. Randolph v. IMBS, Inc., 368 F.3d 726, 728 - 730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

29. All of Defendant MERCANTILE ADJUSTMENT BUREAU's collection actions at issue in this matter occurred within one year of the date of this Complaint.

30. The statements made by Defendant MERCANTILE ADJUSTMENT BUREAU are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

## COUNT I - FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

31. Plaintiff JAMES PACELLI repeats and re-alleges and incorporates by reference paragraphs 1 through 30 above.

31. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

32. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368

F.3d 726, 728-730 (7th Cir. 2004); <u>Turner v. J.V.D.B. & Assoc., Inc.</u>, 330 F.3d 991, 995 (7th Cir. 2003).

33. Defendant MERCANTILE ADJUSTMENT BUREAU's written and verbal statements to JAMES PACELLI violated the FDCPA's prohibition against using any false, misleading or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

34. Defendant MERCANTILE ADJUSTMENT BUREAU's statements to JAMES PACELLI violate the FDCPA, 15 U.S.C. § 1692e prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. Defendant MERCANTILE ADJUSTMENT BUREAU's statements to JAMES PACELLI violated the FDCPA, 15 U.S.C. § 1692e(2)(A) prohibiting debt collectors from falsely representing the character, amount, or legal status of any debt.

36. Defendant MERCANTILE ADJUSTMENT BUREAU's statements to JAMES PACELLI violated the FDCPA, 15 U.S.C. § 1692e(10) prohibiting debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. As a result of the above violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff JAMES PACELLI for to JAMES PACELLI for (1) statutory damages (in the amount of $ 1,000); (2) costs and reasonable attorney's fees (pursuant to 15 U.S.C. § 1692k); and (3) declaratory judgment that defendants' conduct violated the FDCPA

**WHEREFORE,** Plaintiff JAMES PACELLI respectfully prays that judgment be entered against the Defendants, MERCANTILE ADJUSTMENT BUREAU, L.L.C. and DOES I through III, jointly and severally, for the following:

A.  Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

B.  Declaratory judgment that Defendants' conduct violated the FDCPA;

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

DATED this 26th day of MAY, 2009.

*/s/ Donald E. Petersen*
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando, FL  32802-1948
Voice :         (407) 648-9050
Facsimile :    N/A
E.C.F.(Only) : depecf@cfl.rr.com
Email :         Petersen221@yahoo.com
F.B.N.          0776238
Attorney for the Plaintiff,
JAMES R. PACELLI